**In Re Anonymous No. 42 D.B. 74**

---

Disciplinary Board Docket No. 42 D.B. 74.

DANIELS, *Chairman,* November 29, 1984—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania submits its following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On April 2, 1973, the court of Common Pleas of [       ] County suspended petitioner from the practice of law in the Commonwealth of Pennsylvania for a period of three years. The charges of professional misconduct which led to petitioner's suspension arose out of circumstances where petitioner engaged in improper solicitation, submitted inflated and fraudulent medical claims, submitted false information to the Court of Common Pleas of [       ] County and attempted to impede the special judicial investigation with respect to five charges against him. The order of suspension of the Court of Common Pleas of [       ] County was affirmed by the Supreme Court of Pennsylvania, with petitioner's three year suspension becoming effective on November 15, 1974.

On October 19, 1973, petitioner pleaded nolo contendere to two counts of federal income tax evasion before the Federal District Court. As a consequence of that proceeding, petitioner was sentenced to two concurrent three year suspended prison terms and was fined. Subsequently, another disciplinary proceeding was initiated against petitioner, resulting in a recommendation that petitioner be

suspended from the practice of law in Pennsylvania for an additional nine months beyond his original three year suspension. The Supreme Court of Pennsylvania determined, however, that the recommended additional nine month suspension period run concurrently, rather than consecutively, with the original three year suspension previously imposed. Accordingly, petitioner's three year suspension from the practice of law in this Commonwealth expired on November 15, 1977, subject, of course, to his successfully petitioning the Supreme Court of Pennsylvania for re-admission to the practice of law.

A petition for reinstatement was in fact filed on November 15, 1977, which petition was withdrawn by petitioner without prejudice due to an illness in petitioner's family. A petition for reinstatement was again filed on January 13, 1978. Pursuant to the provisions of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsyvlania referred the matter to hearing committee [     ], which, after several hearings, recommended that petitioner's petition for reinstatement to the practice of law in the Commonwealth of Pennsylvania be denied. Petitioner filed exceptions to the hearing committee's report and recommendation. This board, upon consideration of the record and after hearing oral argument on May 24, 1979, rejected the recommendation of hearing committee [     ] and recommended, on November 12, 1979, that petitioner be reinstated to the practice of law in the Commonweatlh of Pennsylvania.

However, on January 11, 1980, the Supreme Court of Pennsylvania rejected the report and recommendation of this board and denied petitioner's application for reinstatement to the practice of law in the Commonwealth of Pennsylvania. On

Feburary 27, 1980, the Supreme Court of Pennsylvania denied petitioner's application for reconsideration of its order of Janaury 11, 1980.

The instant petition for reinstatement was filed on June 6, 1984 with the Office of the Secretary of the Disciplinary Board. Pursuant to the provisions of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania referred the matter to hearing committee [       ] (hereinafter referred to as commmittee), comprised of [       ].

Following appropriate notice, the committee conducted a hearing in connection with the instant petition for reinstatement on August 15, 1984. After that hearing was concluded, the committee filed its report, findings, conclusions and recommendation with this board on November 14, 1984. In its said report, the committee emphatically recommended that petitioner's petition for reinstatement to the practice of law in the Commonwealth of Pennsylvania be granted. Upon our review of the entire record in this proceeding, including the report, findings, conclusions and recommendation of hearing committee [       ], this board recommends that the instant petition for reinstatement be granted for the reasons set forth hereinafter.

## II. DISCUSSION

In order for petitioner to gain reinstatement to practice law before the bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice law in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of

the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, nor subversive of the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

A. Competency and Learning In The Law

Petitioner has demonstrated that he has the requisite competency and learning in the law to qualify for reinstatement to the practice of law in the Commonwealth of Pennsylvania. For, as the Committee observed:

"Petitioner is presently employed as a case reviewer, legal researcher, and on-site investigator for a law firm.

Pursuant to Disciplinary Board Rules 89.275(a)(15) and 89.279(a) regarding competency in the law, petitioner has attended the Pennsylvania Basic Practice Course presented at Dickinson College on August 10, 11 and 12, 1983.

Petitioner attended the Basic Legal Practice Course of the Philadelphia Bar Association from September 1983 through November 1983.

Petitioner attended the Pennsylvania Trial Lawyers Association Seminar on the new motor vehicle insurance law on April 6, 1984.

Petitioner attended a personal injury practice seminar on April 25, 1984.

Petitioner attended a seminar on marital settlement agreements on July 27, 1984.

Since November of 1983, petitioner has personally subscribed to and read the Pennsylvania District and County Reports and the Pennsylvania Law Journal-Reporter.

Petitioner has read the Atlantic Reporter, A.T.L.A. Law Journal, A.L.R. 3rd and other journals and advance sheets, in an effort to keep current and abreast with recent developments in the law.

During the years 1976 through 1978, petitioner produced legal research in over a dozen areas of the law as part of his employment as a paralegal in a law firm."

Since petitioner has actively conducted extensive legal research and has attended numerous continuing legal education seminars, courses and lectures (all since the date of his suspension), petitioner has unquestionably proven, by clear and convincing evidence, "that he has . . . the competency and learning in the law required for admission to practice law in this Commonwealth." See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

### B. Moral Qualifications

Petitioner has also demonstrated that he has the requisite moral qualifications to qualify for reinstatement to the practice of law in the Commonwealth of Pennsylvania.

Petitioner is 46 years of age and has been married to his wife [        ] for 24 years. He has two sons, ages 23 (a second year medical student) and 19 (a second year undergraduate student). He has kept his family unit together and has continued to support and maintain them during his now ten year period of suspension from the practice of law.

At the hearing before the committee, petitioner produced 14 character witnesses, each of whom attested to petitioner's moral qualifications and reputation in the community. Among those persons who so testified were [                              ]. And, as the committee observed:

"The character witnesses, including eight attorneys, were men and women of stature, and tesitified to Petitioner's ability, integrity, and competence and obviously held Petitioner in very high respect, de-

spite Petitioner's suspension from the practice of law and his pleas of nolo contendere to two counts of income tax evasion.

Petitioner has compiled an outstanding record of community service, before, during and after his period of suspension.

Petitioner served as President of his synagogue, [         ], Pennsylvania, from 1979-1981 and is presently a life Board of Directors Member of that congregation. To this date, serious matters involving management of the synagogue's affairs are referred to Petitioner for decision.

Petitioner served as Vice-President of the [        ].

Petitioner is a member of the Executive Board of the [        ], Pennsylvania Council.

Petitioner has participated in workshops and seminars, both as speaker and group leader in interfaith and other community social action events.

Petitioner has expressed contrition and remorse for his misdeeds.

Petitioner has testified that if readmitted to the practice of law, he would not engage in unethical conduct of any type in the future."

Thus, this board concludes that the record in this proceeding demonstrates that petitioner does in fact possess the requisite moral qualifications for reinstatement to the practice of law in the Commonwealth of Pennsylvania.

In light of the foregoing, and fortified by the fact that Office of Disciplinary Counsel does not oppose the instant petition for reinstatement to the practice of law and did, in fact, notify the committee, by letter of September 17, 1984, that the Office of Disciplinary Counsel did not oppose the instant petition, this board agrees that petitioner should be reinstated to the practice of law in the Common-

wealth of Pennsylvania. Accordingly, we adopt in toto the findings of fact and conclusions of law of hearing committee [     ].

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes as follows:

1. Petitioner, [     ], has the competency and learning in the law required for admission to practice law in the Commonwealth of Pennsylvania.

2. Petitioner, [     ], has the moral qualifications for readmission to the practice of law in the Commonwealth of Pennsylvania.

3. Petitioner, [     ] resumption of the practice of law in the Commonwealth of Pennsylvania will not be detrimental to the integrity and standing of the bar or the administration of justice nor will it be subversive of the public interest.

4. Petitioner, [     ], should be reinstated to the practice of law in the Commonwealth of Pennsylvania and should be admitted to the Bar of the Supreme Court of Pennsylvania.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [Petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court, and further recommends that your honorable court direct that all expenses incurred by this board in the investigation and processing of the instant petition for reinstatement be borne by and paid for by said petitioner.

## ORDER

And now, this December 21, 1984, the recommendation of the Disciplinary Board dated November 29, 1984, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.